UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>18-cv-17393-MAS-LHG (Bahaa Aly) | Civil Action No. 15-7658<br><br>JUDGE MICHAEL A. SHIPP<br>JUDGE LOIS H. GOODMAN<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**Motion Day: May 6, 2019** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

| | |
|---|---|
| Richard Hernandez<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>Telephone: (973) 848-8615<br>Facsimile: (973) 297-6615 | Paul C. Curnin (*pro hac vice*)<br>Craig S. Waldman (*pro hac vice*)<br>Daniel J. Stujenske (*pro hac vice*)<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502 |

*Attorneys for Defendants Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen*
(*Additional counsel listed on signature page*)

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1
BACKGROUND ........................................................................................................................... 1
ARGUMENT ................................................................................................................................. 3
I.     PLAINTIFFS' SECTION 10(B) CLAIMS ARE TIME-BARRED ................................... 3
        A.     Plaintiffs' Claims Are Untimely Under The Statute Of Limitations ...................... 4
        B.     Plaintiffs Forfeited *American Pipe* Tolling By Opting Out Of The Putative Class Action Before A Class Certification Decision ............................................... 5
        C.     Plaintiffs' Claims Are Barred By The Statute Of Repose To The Extent They Rest On Statements Made Before December 19, 2013 ................................. 8
II.    PLAINTIFFS' SECTION 20(A) CONTROL PERSON CLAIMS FAIL BECAUSE PLAINTIFFS HAVE NOT STATED VIABLE VIOLATIONS OF SECTION 10(B) ... 10
CONCLUSION............................................................................................................................ 10

Case 3:18-cv-17393-MAS-LHG   Document 29-1   Filed 03/04/19   Page 3 of 16 PageID: 276

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974) .................................................................................... 5, 7

*Bartesch v. Cook*,
  941 F. Supp. 2d 501 (D. Del. 2013) ............................................................. 10

*Benak v. All. Cap. Mgmt. L.P.*,
  435 F.3d 396 (3d Cir. 2006) .......................................................................... 4

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
  137 S. Ct. 2042 (2017) ............................................................................... 8, 9

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018) ............................................................................... 7, 9

*Chinn v. Giant Food, Inc.*,
  100 F. Supp. 2d 331 (D. Md. 2000) ............................................................... 6

*City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*,
  637 F.3d 169 (2d Cir. 2011) .......................................................................... 4

*Cohen v. Telsey*,
  2009 WL 3747059 (D.N.J. Nov. 2, 2009) ..................................................... 9

*CTS Corp. v. Waldburger*,
  573 U.S. 1 (2014) ........................................................................................... 9

*Dekalb County Pension Fund v. Transocean Ltd.*,
  817 F.3d 393 (2d Cir. 2016) .......................................................................... 8

*F.D.I.C. v. Countrywide Fin. Corp.*,
  2012 WL 5900973 (C.D. Cal. Nov. 21, 2012) .............................................. 5

*Glater v. Eli Lilly & Co.*,
  712 F.2d 735 (1st Cir. 1983) ...................................................................... 6, 7

*Hubbard v. Corr. Med. Servs., Inc.*,
  2008 WL 2945988 (D.N.J. July 30, 2008) ................................................. 5, 6

*In re Exxon Mobil Corp. Sec. Litig.*,
  500 F.3d 189 (3d Cir. 2007) ................................................................. 3, 4, 8

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002) ............................................................................... 1

*In re Suprema Specialties, Inc. Sec. Litig.*,
    438 F.3d 256 (3d Cir. 2006) ............................................................................... 10

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
    2017 WL 1658822 (D.N.J. Apr. 28, 2017) ........................................................... 2

*In re WorldCom Sec. Litig.*,
    496 F.3d 245 (2d Cir. 2007) ............................................................................ 7, 8

*Kozlowski v. Sheahan*,
    2005 WL 3436394 (N.D. Ill. Dec. 12, 2005) ....................................................... 6

*Kuwait Inv. Office v. Am. Int'l Grp., Inc.*,
    128 F. Supp. 3d 792 (S.D.N.Y. 2015) .................................................................. 9

*McMillian v. AMC Mortg. Servs., Inc.*,
    560 F. Supp. 2d 1210 (S.D. Ala. 2008) ................................................................ 6

*Merck & Co., Inc. v. Reynolds*,
    559 U.S. 633 (2010) ............................................................................................. 3

*N. Sound Cap. LLC v. Merck & Co. Inc.*,
    702 F. App'x 75 (3d Cir. 2017) ............................................................................ 9

*Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Sec. Transactions, Inc.*,
    730 F.3d 263 (3d Cir. 2013) ............................................................................ 3, 4

*Smart-El v. Corr. Med. Servs.*,
    2008 U.S. Dist. LEXIS 44376 (D.N.J. June 5, 2008) .......................................... 5

*SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*,
    829 F.3d 173 (2d Cir. 2016) .............................................................................. 10

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,
    821 F.3d 780 (6th Cir. 2016) ............................................................................... 6

*Stephens v. Clash*,
    796 F.3d 281 (3d Cir. 2015) ................................................................................ 3

*Thomas v. Corr. Med. Servs., Inc.*,
    2009 WL 737105 (D.N.J. Mar. 17, 2009) ............................................................ 5

*Wallach v. Eaton Corp.*,
    837 F.3d 356 (3d Cir. 2016) ................................................................................ 7

*Weitzner v. Sanofi Pasteur Inc.*,
 909 F.3d 604 (3d Cir. 2018) .................................................................................................. 8

*Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*,
 413 F.3d 553 (6th Cir. 2005) ............................................................................................ 5, 6

*Zazzali v. Alexander Partners, LLC*,
 2013 WL 5416871 (D. Del. Sept. 25, 2013) ........................................................................ 9

**Statutes**

28 U.S.C. § 1658 ........................................................................................................................... 3

Defendants Valeant Pharmaceuticals International, Inc., n/k/a Bausch Health Companies Inc. ("Valeant"), J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Deborah Jorn, Ari S. Kellen, and Tanya Carro (collectively "Defendants") respectfully submit this memorandum of law pursuant to Federal Rule of Civil Procedure 12(b)(6) in support of their motion to dismiss the Complaint with prejudice.

## PRELIMINARY STATEMENT

Plaintiffs in this most recent opt-out action bring securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs filed this action more than two years after they claim the "full extent" of the alleged fraud was revealed, and more than three years after the first investors sued Valeant asserting the same claims. As a result of Plaintiffs' unexcused delay in filing this action, their claims are untimely under Section 10(b)'s two-year statute of limitations. Plaintiffs are not entitled to *American Pipe* tolling because, as courts in this District have unanimously held, such tolling is unavailable to plaintiffs who bring individual actions before class certification is decided. Section 10(b)'s five-year statute of repose also bars Plaintiffs' claims based on alleged misstatements made before December 19, 2013—five years before this Complaint was filed.

For these reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice.

## BACKGROUND[1]

The underlying factual allegations have been set forth in the Court's prior decision in the related class action (the "Class Action"). *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2017 WL

---

[1] This background is drawn from the allegations in the Complaint, which are accepted as true for purposes of this motion to dismiss only, and from other documents properly considered on a motion to dismiss. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1322–23, 1331 (3d Cir. 2002).

1658822, at *1–9 (D.N.J. Apr. 28, 2017).  The following facts are pertinent to the distinct arguments Defendants make about the timeliness of Plaintiffs' claims.

Plaintiffs are individuals who purchased an unspecified quantity of Valeant common stock and "other securities" between January 4, 2013 and March 15, 2016.  Compl. at 1; *id.* ¶¶ 22–26.  Plaintiffs allege that Defendants artificially inflated the price of those securities by misrepresenting (1) the extent to which volume contributed to Valeant's revenue growth; (2) Valeant's relationship with the specialty pharmacy Philidor Rx Services, LLC; (3) Valeant's financials and compliance with Generally Accepted Accounting Principles ("GAAP"); and (4) the adequacy of Valeant's internal controls.  *Id.* ¶¶ 122–23.  Plaintiffs contend that Defendants made material misrepresentations from January 2013 through December 2015.  *Id.* ¶¶ 125–229.

The first class action complaint against Valeant was filed on October 22, 2015, based on the same core facts alleged here.  *See Potter v. Valeant Pharm. Int'l, Inc.*, No. 15-cv-7658, Dkt. No. 1 at ¶¶ 6, 16, 23.  Three more class action complaints quickly followed, repeating the same allegations.[2]  Valeant publicly disclosed these lawsuits in its quarterly filings.[3]  A consolidated complaint was filed on June 24, 2016.  *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 15-cv-7658, Dkt. No. 80 (the "Class Action Complaint").  On April 28, 2017, this Court denied defendants' motions to dismiss the class plaintiffs' Exchange Act claims, among others.  *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2017 WL 1658822.  On September 20, 2018, an Amended Class Action Complaint was filed, adding new claims against defendants not named here, but

---

[2] *See Chen v. Valeant Pharm. Int'l, Inc.*, No. 15-cv-7679, Dkt. No. 1 (Oct. 23, 2015); *Yang v. Valeant Pharm. Int'l, Inc.*, No. 15-cv-7746, Dkt. No. 1 (Oct. 27, 2015); *Fein v. Valeant Pharm. Int'l, Inc.*, No. 15-cv-7809, Dkt. No. 1 (Oct. 30, 2015).

[3] Hernandez Decl. Ex. 1 (Valeant 3Q 2015 10-Q) at 33; Ex. 2 (Valeant 2015 10-K) at F-79; Ex. 3 (Valeant 1Q 2016 10-Q) at 35; Ex. 4 (Valeant 2Q 2016 10-Q) at 38–39.

"leav[ing] unchanged the prior allegations." *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 15-cv-7658, Dkt. No. 352 at 1 n.1. Plaintiffs' allegations here closely mirror the original Class Action Complaint's claims (and the identical Amended Class Action Complaint's claims)—often *verbatim*. Thirty opt-out actions, including this one, followed the filing of the Class Action Complaint.[4] Two of the opt-outs were filed by Plaintiffs' counsel, the earliest on January 10, 2018.

Eleven months later, on December 19, 2018, Plaintiffs filed this action.

## ARGUMENT

**I.     PLAINTIFFS' SECTION 10(B) CLAIMS ARE TIME-BARRED**

Dismissal of untimely claims on a 12(b)(6) motion is proper where, as here, "'the face of the complaint' demonstrates that the plaintiff's claims are untimely." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015); *see also Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Sec. Transactions, Inc.*, 730 F.3d 263, 280 (3d Cir. 2013) (affirming dismissal of untimely securities claims on a 12(b)(6) motion). Section 10(b) claims must be brought within "2 years after the discovery of the facts constituting the violation" and "5 years after such violation." 28 U.S.C. § 1658(b). The two-year limitations period is a statute of limitations and the five-year period is a statute of repose. *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199 (3d Cir. 2007).

The statute of limitations period is governed by the discovery standard and "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010) (quoting 28 U.S.C. § 1658(b)(1)). A fact is deemed "discovered" when "a

---

[4] An additional opt-out action was voluntarily dismissed. *Senzar Healthcare Master Fund, LP v. Valeant Pharms. Int'l, Inc.*, No. 18-cv-2286, Dkt. No. 61.

3

reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint . . . with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." *Pension Tr. Fund*, 730 F.3d at 275 (quoting *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011)).  The statute of repose, on the other hand, runs from "the date of the alleged misrepresentation." *Exxon*, 500 F.3d at 200.

This Complaint was filed more than two years after Plaintiffs claim the alleged fraud was publicly revealed and even longer after the time when a reasonably diligent plaintiff would have discovered the alleged basis for these claims, and more than five years after certain alleged misstatements were made.  As such, Plaintiffs' claims are time-barred and must be dismissed.

### A. Plaintiffs' Claims Are Untimely Under The Statute Of Limitations

The Complaint on its face leaves no ambiguity that Plaintiffs' case is barred by the two-year statute of limitations.  Plaintiffs identify August 10, 2016, as the date upon which "[t]he full disclosure of the facts, and the risks associated with Defendants' misstatements, . . . occur[red]." Compl. ¶ 230.  Yet Plaintiffs waited until December 19, 2018—twenty-eight months later—to file the Complaint.

While no further inquiry is required, Plaintiffs' claims are also time-barred because they were filed more than two years after related class action complaints.  As a matter of law, reasonably diligent plaintiffs are deemed aware of all class actions bringing substantially similar claims to those they might bring, and will "undertake an investigation based on 'the filing of related lawsuits,' 'news articles and analyst's [sic] reports,' and 'prospectuses, quarterly reports, and other information related to their investments'" to determine whether they have viable causes of action. *Pension Tr. Fund*, 730 F.3d at 276–78 (quoting *Benak ex. rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 400, 403 n.20 (3d Cir. 2006)).  Thus, by October 22, 2015, when the first securities fraud class action complaint was filed against

Valeant, Plaintiffs were on notice of their claims. *See id.* 276–77. Moreover, it is indisputable that reasonably diligent plaintiffs had sufficient information to bring claims capable of surviving a motion to dismiss by June 24, 2016, when class plaintiffs filed the Class Action Complaint. *See F.D.I.C. v. Countrywide Fin. Corp.*, 2012 WL 5900973, at *4–8 (C.D. Cal. Nov. 21, 2012) (dismissing securities claims as untimely under the *Merck* discovery standard where similar claims filed before the applicable statute of limitations cutoff survived 12(b)(6) motions). Accordingly, the statute of limitations began running no later than June 24, 2016—and likely far earlier—and expired before Plaintiffs filed this action on December 19, 2018.

      **B.    Plaintiffs Forfeited *American Pipe* Tolling By Opting Out Of The Putative Class Action Before A Class Certification Decision**

By electing to opt out of the Class Action before a decision on class certification, Plaintiffs have forfeited tolling that might otherwise be available under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Courts in this district have unanimously "held that a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine." *Thomas v. Corr. Med. Servs., Inc.*, 2009 WL 737105, at *4 (D.N.J. Mar. 17, 2009) (Hillman, J.) (quoting *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005)) (dismissing opt-out action filed after the statute of limitations had run). Adopting the Sixth Circuit's holding in *Wyser-Pratte*, Judge Hillman found that "the purposes of *American Pipe* tolling"—avoiding the unnecessary burden of additional lawsuits filed while class certification is pending—"are not furthered when plaintiffs file independent actions before a decision on the issue of class certification." *Id.* at *4; *see also Smart-El v. Corr. Med. Servs.*, 2008 U.S. Dist. LEXIS 44376, at *9 (D.N.J. June 5, 2008) (Hillman, J.) (same). In *Hubbard v. Corr. Med. Servs., Inc.*, Judge Wigenton also followed *Wyser-Pratte* and dismissed an opt-out action as untimely, holding that

5

"[a] plaintiff who files an independent lawsuit without waiting for a determination on class certification does not get the benefit of class action tolling." 2008 WL 2945988, at *7 (D.N.J. July 30, 2008).

These decisions are in accord with the rule in other circuits. The Sixth Circuit recently reaffirmed its holding in *Wyser-Pratte* that the judicial economy encouraged by *American Pipe* would not be served by allowing parties who opt out before a class certification decision to benefit from that tolling, affirming the dismissal of such claims as untimely. *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 789 (6th Cir. 2016). In *Wyser-Pratte*, the court held that "[t]he purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided." 413 F.3d at 569; *see also Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir. 1983) ("The policies behind Rule 23 and *American Pipe* . . . would be disserved[] by guaranteeing a separate suit at the same time that a class action is ongoing."); *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 2d 1210, 1214–15 (S.D. Ala. 2008) (declining to find *American Pipe* tolling where class certification had not been decided because such a rule would allow plaintiffs to rely on a putative class action "opportunistically and only to the extent necessary to validate otherwise time-barred claims"); *Kozlowski v. Sheahan*, 2005 WL 3436394, at *3 (N.D. Ill. Dec. 12, 2005) (citing *Wyser-Pratte* and *Glater*) ("The weight of authorities militates against applying the tolling doctrine to the present case because class certification . . . is pending."); *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331, 334–35 (D. Md. 2000) (holding that the *American Pipe* "rule does not apply to protect the individual plaintiff who files an independent action after the statute of limitations has expired but

before a certification decision has been rendered in a timely class complaint which supposedly includes the plaintiff") (quotations and citation omitted).[5]

The Supreme Court's recent decision in *China Agritech, Inc. v. Resh*, which rejected an expansion of *American Pipe* tolling, further bolstered the rationale for these decisions. 138 S. Ct. 1800 (2018). The Supreme Court noted that "[t]he watchwords of *American Pipe* are efficiency and economy of litigation," *id.* at 1811, and declined to expand the tolling doctrine beyond the contexts from which *American Pipe* and its progeny arose, which "addressed only putative class members who wish to sue individually *after a class-certification denial*." *Id.* at 1802 (emphasis added). The Court held that a plaintiff could not rely on *American Pipe* tolling to bring a successive class action after a class certification denial because "[t]he 'efficiency and economy of litigation' that support tolling individual claims" filed after a class certification denial would not support such a rule. *Id.* at 1806 (quoting *American Pipe*, 414 U.S. at 553). This is because "*American Pipe* tolls the limitation period for individual claims because economy of litigation favors delaying those claims *until after a class-certification denial*." *Id.* (emphasis added). "If certification is denied, only then would it be necessary to pursue claims individually." *Id.* at 1807. Discussing *American Pipe* in light of the *China Agritech* decision, the Third Circuit recently explained that "*American Pipe* is designed to protect individual claims ***filed after the denial of class certification***." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 610

---

[5] There is a circuit split as to whether opt-out plaintiffs can benefit from *American Pipe* tolling before a class certification decision. *Compare Wyser-Pratte*, 413 F.3d at 568–69 and *Glater*, 712 F.2d at 739 *with In re WorldCom Sec. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007). Courts in this District have unanimously rejected the overbroad reading of *American Pipe* allowing tolling for pre-class certification opt-out actions. And while the Third Circuit held that intervenors in a class action may benefit from *American Pipe* in *Wallach v. Eaton Corp.*, 837 F.3d 356, 373–74 (3d Cir. 2016), it has never expanded *American Pipe* to individual actions filed before a decision on class certification.

(3d Cir. 2018) (emphasis added) (declining to extend the reach of *American Pipe* tolling). *China Agritech* and *Weitzner* demonstrate that courts in this district and elsewhere have correctly declined to apply *American Pipe* tolling to claims brought before class certification is decided, as permitting tolling in such circumstances would reduce, rather than enhance, judicial economy. Conversely, by emphasizing that the purpose of *American Pipe* is to maximize judicial economy by reducing the number of lawsuits filed before class certification, *China Agritech* rejected the reasoning of those courts holding that opt-out plaintiffs can benefit from *American Pipe* before a decision on class certification. *See, e.g.*, *WorldCom*, 496 F.3d at 256.

### C. Plaintiffs' Claims Are Barred By The Statute Of Repose To The Extent They Rest On Statements Made Before December 19, 2013

Plaintiffs' claims are also barred by the statute of repose to the extent that they are based on statements made prior to December 19, 2013—five years before this action was filed. As the Supreme Court recently reaffirmed, statutes of repose are meant to "grant complete peace to defendants" by barring liability after a certain time. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052 (2017). The Third Circuit has unambiguously held that the "repose period applicable to § 10(b) claims as set out in . . . [28 U.S.C. §] 1658(b)(2) begins to run on the date of the alleged misrepresentation." *Exxon*, 500 F.3d at 200; *see also Dekalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 411 (2d Cir. 2016) (explaining that statutes of repose run from a "defendant's last culpable act," namely "the date of the violation"). Yet Plaintiffs' claims rest on more than a dozen alleged misstatements made in presentations, press releases, and in documents filed with the SEC before December 19, 2013. Compl. ¶¶ 125–140. Claims arising from these alleged misstatements are therefore independently untimely under Section 10(b)'s five-year statute of repose. *See Exxon*, 500 F.3d at 202 (affirming dismissal of Section 10(b) and 20(a) claims based on alleged misrepresentations made more than five years before action was

brought); *Zazzali v. Alexander Partners, LLC*, 2013 WL 5416871, at *10–11 (D. Del. Sept. 25, 2013) (dismissing Section 10(b) claims based on misrepresentations made more than five years before complaint was filed); *Kuwait Inv. Office v. Am. Int'l Grp., Inc.*, 128 F. Supp. 3d 792, 807 (S.D.N.Y. 2015) ("[B]ecause the statute of repose runs from the date of each relevant misstatement or omission, the Exchange Act claims . . . must be dismissed to the extent the claims are based on misstatements or omissions made more than five years before the respective filing dates.").[6]

*American Pipe* tolling never applies to a statute of repose. *ANZ*, 137 S. Ct. at 2055; *see also China Agritech*, 138 S. Ct. at 1809 (noting that the time to file claims governed by Section 1658(b)(2)'s five-year statute of repose "has a finite end"); *N. Sound Cap. LLC v. Merck & Co. Inc.*, 702 F. App'x 75, 81 (3d Cir. 2017) (reversing denial of motion to dismiss Section 10(b) and 20(a) claims because "*ANZ* made clear that *American Pipe* recognized a form of equitable tolling that does not apply to the federal securities laws' statute of repose"). This is because, "[b]y establishing a fixed limit, a statute of repose implements a 'legislative decisio[n] that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability.'" *ANZ*, 137 S. Ct. at 2051 (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014)). This objective, "to grant complete peace to defendants, supersedes" the application of the equity-based *American Pipe* tolling rule. *Id.* at 2052. Plaintiffs' Section 10(b) and 20(a) claims arising from statements made before December 19, 2013, therefore must be dismissed. *See Cohen v. Telsey*, 2009 WL 3747059, at *9 (D.N.J. Nov. 2, 2009) (holding that "tolling

---

[6] In *McCullough v. Advest, Inc.*, cited by plaintiffs in a related action, the court overlooked *Exxon*'s clear dictate and the purpose of statutes of repose reaffirmed in *ANZ* when it measured the statute of repose for all claims from the last misstatement alleged in the complaint. 2017 WL 3675787, at *3 (W.D. Pa. Aug. 25, 2017).

9

principles do not apply" to Section 1658(b)'s statute of repose and dismissing Section 10(b) and 20(a) claims brought more than five years after alleged misrepresentation); *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*, 829 F.3d 173, 177 (2d Cir. 2016) (holding that *American Pipe* tolling does not apply to § 1658(b)(2)'s five-year statute of repose and dismissing Section 10(b) and 20(a) claims based on misrepresentations made more than five years after alleged misrepresentations).

## II. PLAINTIFFS' SECTION 20(A) CONTROL PERSON CLAIMS FAIL BECAUSE PLAINTIFFS HAVE NOT STATED VIABLE VIOLATIONS OF SECTION 10(B)

Plaintiffs also allege control person liability against defendants Valeant, Pearson, Schiller, and Rosiello. Compl. ¶¶ 473–479. To sustain these claims, Plaintiffs first "must prove . . . a primary violation of the securities laws." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284 (3d Cir. 2006). Because Plaintiffs' Section 10(b) claims are barred by the statute of limitations, Plaintiffs' control person claims fail as a matter of law. *See Bartesch v. Cook*, 941 F. Supp. 2d 501, 513 (D. Del. 2013).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice.

DATED: March 4, 2019

**DEBEVOISE & PLIMPTON LLP**

/s/ *Matthew Petrozziello*
Matthew Petrozziello
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (*pro hac vice* forthcoming)
Ada F. Johnson (*pro hac vice* forthcoming)
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 383-8000
Fax: (202) 383-8118

*Counsel for J. Michael Pearson*

**WINSTON & STRAWN LLP**

/s/ *James S. Richter*
James S. Richter
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Fax: (212) 294-4700

*Counsel for Howard B. Schiller*

**SCHULTE ROTH & ZABEL LLP**

/s/ *Cara David*
Cara David
Barry A. Bohrer (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Fax: (212) 593-5955

*Counsel for Deborah Jorn*

**McCARTER & ENGLISH, LLP**

/s/ *Richard Hernandez*
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 848-8615
Fax: (973) 297-6615

*Local counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, and Tanya Carro*

**SIMPSON THACHER & BARTLETT LLP**

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen*

**COOLEY LLP**

William J. Schwartz (*pro hac vice* forthcoming)
Sarah Lightdale (*pro hac vice* forthcoming)
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro*