**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAHAA ALY, *et al.*,

    Plaintiffs,

v.

VALEANT PHARMACEUTICALS
INTERNATIONAL, INC., *et al.*,

    Defendants.

Civil Action No. 18-17393 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Valeant Pharmaceuticals International, Inc., n/k/a Bausch Health Companies Inc. ("Valeant"), J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Deborah Jorn, Ari S. Kellen, and Tanya Carro's (collectively, "Defendants") Motion to Dismiss. (ECF No. 29.) Plaintiffs Bahaa Aly, Tina Davis, Philip Garland and Erinch Ozada (collectively, "Plaintiffs") opposed (ECF No. 35), and Defendants replied (ECF No. 36). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.    BACKGROUND**[1]

    The Court has previously summarized many of the factual allegations at issue in this matter. *See, e.g., In re Valeant Pharm. Int'l, Inc. Sec. Litig.* (*In re Valeant*), No. 15-7658, 2017

---

[1] For the purpose of deciding the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

WL 1658822 (D.N.J. Apr. 28, 2017), *reconsideration denied*, No. 15-7658, 2017 WL 3880657 (D.N.J. Sept. 5, 2017). The Court assumes the parties' familiarity with those allegations and only recounts the factual background and procedural history necessary to decide the instant motion.

On October 22, 2015, Laura Potter brought a putative class action on "behalf of all persons who purchased or otherwise acquired Valeant stock between February 23, 2015 and October 20, 2015, inclusive . . . , against Valeant and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934." (Compl. ¶ 1, *In re Valeant*, No. 15-7658 (D.N.J.), ECF No. 1.) On May 31, 2016, the Court consolidated Ms. Potter's action with several other actions, and pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, the Court appointed Lead Counsel and a Lead Plaintiff in the consolidated action. (Order 3, *In re Valeant*, ECF No. 67.)

On June 24, 2016, Lead Plaintiff and Named Plaintiff filed a Consolidated Class Complaint. (Class Compl., *In re Valeant*, ECF No. 80.) The Class Complaint was "brought on behalf of purchasers of Valeant equity securities and senior notes between January 4, 2013 and March 15, 2016, . . . to pursue remedies" under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Securities Exchange Commission Rule 10b-5, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"). (*Id.* ¶ 1.) Lead Plaintiff and Named Plaintiff brought nine claims. (*Id.* ¶¶ 538-50, 572-728.)

On September 10, 2019, in *Northwestern Mutual Life Insurance Co. v. Valeant Pharmaceuticals, Inc.*, the Court found that the plaintiffs' Section 10(b) and Rule 10b-5 claims were untimely because they were brought two years and two months after the filing of the Class Complaint in *In re Valeant*. (Mem. Op., *Nw. Mut. Life Ins. Co. v. Valeant Pharm. Inc.* (Nw. Mut.), No. 18-15286 (D.N.J.) ECF No. 52.) The Court declined to extend the tolling doctrine created by

the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), to the plaintiffs' Section 10(b) and Rule 10b-5 claims. (*Id.* at 20-23.) The Court, therefore, concluded that the *Northwestern Mutual* plaintiffs' Section 20(a) claims failed because the plaintiffs could not establish the requisite primary violation. (*Id.* at 23-24.)

Here, Plaintiffs are individual investors residing in New York, California, Pennsylvania, and Turkey who purchased Valeant common stock and other securities between January 4, 2013 and March 15, 2016. (Compl. ¶¶ 22-26, ECF No. 1.) Count I—Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5—is asserted against all Defendants. (*Id.* ¶¶ 466-72.) Count II—Violations of Section 20(a) of the Exchange Act—is brought against Valeant, Pearson, Schiller, and Rosiello. (*Id.* ¶¶ 473-79.) Plaintiffs filed the Complaint on December 19, 2018. (*See generally id.*)

On March 4, 2019, Defendants moved to dismiss both counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Defs.' Mot. to Dismiss, ECF No. 29.) Defendants' arguments are similar to those advanced by the defendants in *Northwestern Mutual*. (*Compare* Defs.' Moving Br., ECF No. 29-1, *with* Valeant Defs.' Moving Br., *Nw. Mut.*, ECF No. 18.) Defendants argue Count I is untimely because (1) the Complaint was filed after the applicable statute of limitations expired; (2) Plaintiffs forfeited the benefit of *American Pipe* tolling by bringing an individual action prior to class certification in *In re Valeant*; and (3) the statute of repose bars Plaintiffs' claims to the extent they are based on statements made prior to December 19, 2013. (*See* Defs.' Moving Br. 3-10.) Defendants insist that Count II fails because Section 20(a) claims require a primary violation of a securities law, and Plaintiffs cannot establish a primary violation. (*Id.* at 10.)

On April 1, 2019, Plaintiffs opposed Defendants' Motion to Dismiss. (Pls.' Opp'n Br., ECF No. 35.) Citing to the Court's previous Memorandum Opinion in *Senzar Healthcare Master Fund, LP v. Valeant Pharmaceuticals International, Inc.*, Plaintiffs contend the Court previously held that "for the purposes of statute of limitations, the truth of Defendants' fraud was known, at least in part, on August 10, 2016." (*Id.* at 2 (citing *Senzar Healthcare Master Fund, LP v. Valeant Pharm. Int'l, Inc.*, No. 18-2286, 2018 WL 4401730 (D.N.J. Sept. 14, 2018).)) Thus, per Plaintiffs, because the Class Complaint was timely filed and the *American Pipe* doctrine applies to Plaintiffs' claims, the Court should not dismiss the claims as untimely. (*Id.*)

On the issue of the application of *American Pipe* tolling, Plaintiffs advance arguments similar to those advanced by the *Northwestern Mutual* plaintiffs. (*Compare id.* at 3-9, *with* Pls.' Opp'n Br. 11-16, *Nw. Mut.*, ECF No. 27.) Plaintiffs acknowledge that the Supreme Court and the Third Circuit have not addressed whether *American Pipe* tolling applies to an individual action brought by a putative class member prior to a decision on class certification. (Pl.'s Opp'n Br. 3.) Plaintiffs rely on the Second Circuit's decision in *In re WorldCom Securities Litigation*, 496 F.3d 245 (2d Cir. 2007), and the Third Circuit's decision in *Wallach v. Eaton Corp.*, 837 F.3d 356 (3d Cir. 2016), to argue against a "forfeiture rule." (*Id.* at 4-6.) Citing to *Winn-Dixie Stores, Inc. v. Eastern Mushroom Marketing Cooperative*, No. 15-6480, 2019 WL 130535, at *1 (E.D. Pa. Jan. 8, 2019), Plaintiffs argue courts in this Circuit have rejected the Sixth Circuit's application of a forfeiture rule in *Wyser-Pratte Managment Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005). (*Id.* at 6.) In sum, Plaintiffs insist that the filing of the Class Complaint tolled their claims and, as a result, their Complaint was timely. (*Id.* at 9.) Plaintiffs further contend that because the Complaint was timely filed, their Section 20(a) claims are viable. (*Id.* at 12-13.) On March 15, 2019,

Defendants replied, reasserting the primary arguments they made in their moving brief. (*See generally* Defs.' Reply Br., ECF No. 36.)

## II. **LEGAL STANDARD**

District courts must consider a Rule 12(b)(6) motion under a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, it must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff, while setting aside conclusory allegations proffered in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Third, the court must then determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his [or her] answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015). A statute of limitations defense can also be raised via a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The court may grant the instant motion only "if the face of the complaint demonstrates that the plaintiff's claims are untimely." *Id.* (quotations and citations omitted).

Section 10(b) claims must be "brought not later than the earlier of—(1) [two] years after the discovery of the facts constituting the violation; or (2) [five] years after such violation." 28 U.S.C. § 1658(b). The limitations period for Section 10(b) claims "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (quoting

28 U.S.C. § 1658(b)(1)). The standard focuses on the "reasonably diligent plaintiff . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id.* "[A] fact is not deemed 'discovered' until a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint . . . with sufficient detail and particularity to survive a [Rule] 12(b)(6) motion to dismiss." *Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 275 (3d Cir. 2013) (quoting *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011)).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff bringing an action under Section 20(a) must plead: "(1) an underlying primary violation by a controlled person or entity; (2) that [the defendants] exercised control over the primary violator; and (3) that the [d]efendants, as 'controlling persons,' were in some meaningful sense culpable participants in the fraud." *Wilson v. Bernstock*, 195 F. Supp. 2d 619, 642 (D.N.J. 2002). "Liability under Section 20(a) is predicated upon an independent violation of [the Exchange Act] or the rules or regulations thereunder." *Id.* (internal quotation marks omitted) (quoting *In re Party City Sec. Litig.*, 147 F. Supp. 2d 282, 317 (D.N.J. 2001)).

### III. DISCUSSION

In *Catalyst Dynamic Alpha Fund v. Valeant Pharmaceuticals International, Inc.*, the Court dismissed as untimely a complaint similar to the instant Complaint. *See Catalyst Dynamic*, No. 18-12673, 2019 WL 2331631, at *7 (D.N.J. May 31, 2019). The Complaint in this matter, the complaint in *Catalyst Dynamic*, and the Class Complaint are similar in that each complaint asserts claims for violations of Section 10(b) and Rule 10b-5 based on the same alleged wrongful conduct. (*Compare* Compl., *with* Compl., *Catalyst Dynamic*, ECF No. 1, *and* Class Complaint, *In re Valeant*, ECF No. 80.) In *Catalyst Dynamic*, due to the similarities between the *Catalyst Dynamic*

6

complaint and the Class Complaint, the Court concluded that "a reasonably diligent plaintiff would have had enough facts to plead the instant claims with sufficient detail and particularity to survive a motion to dismiss by the time the Class Complaint was filed." *See Catalyst Dynamic*, 2019 WL 2331631, at *7. The Court, as a result, concluded that the federal claims in *Catalyst Dynamic* were untimely.[2]

The Court's analysis in *Catalyst Dynamic* regarding the timeliness of the complaint applies with equal force here. "[W]hen a complaint is filed alleging substantially similar claims as raised in the instant matter, a reasonably diligent plaintiff would have sufficient information about the facts necessary to adequately plead the requisite facts 'with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss.'" *Catalyst Dynamic*, 2019 WL 2331631, at *6 (quoting *Pension Tr. Fund*, 730 F.3d at 275). In light of the similarities between the Complaint and the Class Complaint, the Court finds that a reasonably diligent plaintiff would have had enough facts to plead the instant claims with sufficient detail and particularity to survive a motion to dismiss by June 24, 2016. The Court, accordingly, finds Plaintiffs' claims, filed two years and six months after June 24, 2016, are untimely absent the application of *American Pipe* tolling.

Plaintiffs appear to concede their claims are untimely absent the application of the *American Pipe* doctrine. (*See* Pls.' Opp'n Br. 2 ("Because the class action was timely filed, and because *American Pipe* tolling applies to Plaintiffs' claims, the action should not be dismissed on statute of limitations grounds.").) In *Northwestern Mutual*, the Court concluded that *American Pipe* tolling did not apply to the plaintiffs' claims. (*See* Mem. Op., *Nw. Mut.*) The Court adopts the rationale articulated in *Northwestern Mutual* and reaches the same conclusion here. (*See id.*)

---

[2] Because the *Catalyst Dynamic* plaintiffs argued that their complaint was timely even without the application of the *American Pipe* tolling doctrine, the Court granted the plaintiffs leave to amend out of an abundance of caution. *Catalyst Dynamic*, 2019 WL 2331631, at *7.

The Court declines to extend *American Pipe* tolling to Plaintiffs' untimely Section 10(b) and Rule 10b-5 claims.

The Court recognizes that Plaintiffs are individual investors and the *Northwestern Mutual* investors are sophisticated institutional investors. Nevertheless, the putative lead plaintiffs in *In re Valeant* published numerous notices alerting putative class members, including Plaintiffs, regarding the claims being asserted on their behalf. (*See* Lead Pl.'s Opp'n Br., Ex. A., *In re Valeant*, ECF No. 323-2 (collecting PSLRA notices related to the appointment of Lead Plaintiff).) Moreover, Plaintiffs allege that numerous news articles detailing Defendants' allegedly wrongful conduct were published in national publications. (*See, e.g.*, Compl. ¶¶ 280, 292-93, 299, 302, 373.) Plaintiffs also allege that on April 27, 2016, a hearing held by the United States Senate Committee on Aging exposed Defendants' allegedly false and misleading statements made to investors. (Compl. ¶¶ 384-93.) Given the significant public attention brought to bear on Defendants' allegedly culpable conduct in this instance, a plaintiff "who commences suit after expiration of the limitation period, . . . can hardly qualify as diligent in asserting claims and pursuing relief." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1808 (2018).

Plaintiffs' Section 20(a) claims fail. Because the Court concludes that Plaintiffs' Section 10(b) and Rule 10b-5 claims are untimely, Plaintiffs cannot plead the requisite primary violation to support a Section 20(a) claim. *See Wilson*, 195 F. Supp. 2d at 642-43.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs' Section 10(b) and Rule 10b-5 claims are untimely. The Court declines to extend the *American Pipe* doctrine to the same claims.[3]

---

[3] Because the Court finds that Plaintiffs' claims are untimely, the Court does not reach Defendants' arguments regarding the statute of repose.

As a result, Plaintiffs' Section 20(a) claims also fail. The Court, accordingly, grants Defendants' Motion to Dismiss. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 10, 2019